UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2510 JVS (JDEx) | Date | November 24, 2020 |
|---|---|---|---|
| Title | Belen Acevedo v. J & J Food Store Inc.,et. al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Summary Judgment**

Defendant J & J Food Store Inc. ("J & J") filed a motion for summary judgment. Mot., Dkt. No. 32. Plaintiff Belen Acevedo ("Acevedo") opposed the motion. Opp'n, Dkt. No. 33. J & J replied. Reply, Dkt. No. 34.

For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

This action concerns an alleged violation of the American with Disabilities Act of 1990 ("ADA").

Acevedo has multiple sclerosis, arthritis, and manual dexterity issues, and accordingly uses a walker, wheelchair, and scooter for mobility. Decl. Acevedo, Dkt. No. 33, Ex. 1, ¶ 2.

On November 12, 2019, Acevedo visited the 7-Eleven located at 3174 W. Ball Road, Anaheim, California in her wheelchair. Id. ¶ 3. As she drove into the 7-Eleven parking lot, Acevedo found that there was only one parking space marked and reserved for use by persons with disabilities. Id. ¶ 4. Acevedo also noticed that there was a ramp extending into the access aisle causing it to be sloped and uneven. Id. Had Acevedo used the parking space, she would have had to figure out how to avoid the ramp and find a flat surface when placing her wheelchair down and getting out of the car. Id.

Because of the aforementioned ramp, Acevedo instead parked in a parking spot further away from 7-Eleven. Id. ¶ 5. Nonetheless, Acevedo still had to use the ramp in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2510 JVS (JDEx)  Date  November 24, 2020

Title  Belen Acevedo v. J & J Food Store Inc.,et. al.

access aisle to reach the entrance of the store because there was no other curb cut to access the sidewalk. Id. The ramp was difficult to navigate in her wheelchair because it was steep. Id. Due to her experience, Acevedo is now deterred from returning to the 7-Eleven. Id. ¶ 7 However, the 7-Eleven is located just ten minutes away from Acevedo's home and is therefore a convenient place for her to shop. Id. ¶ 8. Because it is located so close to her home, Acevedo intends to return to the 7-Eleven on a regular basis once it is compliant. Id.

## II. Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[1]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . .

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2510 JVS (JDEx)                    Date  November 24, 2020

Title  Belen Acevedo v. J & J Food Store Inc.,et. al.

consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)]² mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. DISCUSSION

J & J makes several arguments in support of its motion for summary judgment. The Court will address each in turn.

#### A. Standing

J & J first argues that Acevedo lacks standing to bring this complaint. See Mot., Dkt. No. 32, at 4.

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 866 (9th Cir. 2014) (quoting Chapman 631 F.3d at 946). Because a plaintiff may only receive injunctive relief under Title III of the ADA, she "must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also 'a sufficient likelihood that he will be wronged again in a similar way.'" Id. (quoting Fortyune v. Am. Multi–Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)). A plaintiff must show that "he faces a 'real and immediate threat of repeated injury.'" Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)). An ADA plaintiff may meet this requirement in two ways. First, the plaintiff may show that "he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." Id. (quoting Chapman, 631 F.3d at 948). Second, the plaintiff may show that he "is currently deterred from visiting that accommodation by accessibility barriers." Id. (quoting Doran v. 7–Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008)).

---

² Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2510 JVS (JDEx) | Date | November 24, 2020 |
| Title | Belen Acevedo v. J & J Food Store Inc.,et. al. | | |

In her declaration, Acevedo provides evidence that she intends to return to 7-Eleven once the parking lot becomes accessible and ADA compliant. Specifically, she states that she is and has been deterred from returning to 7-Eleven due to her experience with the alleged parking barriers, but that the store is conveniently located 10 minutes from her home and she intends to return on a regular basis once the parking lot is ADA compliant. Decl. Acevedo, Dkt. No. 33, Ex. 1, ¶¶ 7–8.

Acevedo has provided sufficient evidence to demonstrate that she intends to return to 7-Eleven and would likely suffer repeated injury while there if the alleged barriers are not redressed. As such, Acevedo has standing. The Court accordingly **DENIES** the motion with respect to standing.

### B. Notice

Although J & J discusses notice as an element of its standing argument, the Court will analyze the issue separately. J & J states that it lacks fair notice under the Rule 8 pleading standard of what the alleged barriers are. See Mot., Dkt. No. 32, at 5.

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (emphasis supplied) (internal quotations and citations omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted). "To meet the Rule 8 pleading requirements when a claimant asserts discrimination claims based on 'the presence of architectural barriers at a place of public accommodation,' the claimant is required to identify each non-compliant architectural feature in the complaint." Gray v. Cty. of Kern, 704 F. App'x 649, 650 (9th Cir. 2017) (quoting Oliver v. Ralphs, 654 F.3d at 908).

J & J argues that Acevedo's claim fails because it "does not identify how the 'parking' was deficient or what specifically about the parking was in violation" and "fails

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-2510 JVS (JDEx)     Date November 24, 2020

Title     Belen Acevedo v. J & J Food Store Inc.,et. al.

to identify any 'specific barriers' to place Defendant on notice as to what barriers she seeks to remove." See Mot., Dkt. No. 32, at 6. However, the Court notes that Rule 8 is not relevant at the summary judgment stage. At issue in a summary judgment motion is the evidence that the non-moving party has put forward to raise a question of material fact, not the pleading.

Accordingly, the Court **DENIES** the motion with respect to the notice issue.

**C. Mootness**

Finally, J & J argues that Acevedo's claim is moot because there are no parking deficiencies currently present at the property. See Mot., Dkt. No. 32, at 6.

Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

A claim is moot, though, if it has lost its character as a present, live controversy. United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir.1984) (citation omitted). The Court cannot take jurisdiction over a claim "to which no effective relief can be granted." Id. Under the ADA the only available remedy for a private right of action is injunctive relief. Id. § 12188(a)(2). Such relief includes an order to make a facility "readily accessible," or, where appropriate, "requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . ." Id. Where a plaintiff seeks injunctive relief, "past exposure to illegal conduct does not in itself show a present case or controversy." Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1098 (9th Cir. 2017). Instead, the plaintiff must allege continuing and present adverse effects that deter him from making use of the defendant's facility. Id. "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-2510 JVS (JDEx)     Date   November 24, 2020

Title   Belen Acevedo v. J & J Food Store Inc.,et. al.

remains deterred, the injury under the ADA continues." Id. at 1099 (citing Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 (9th Cir. 2002)). However, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). While mere cessation of voluntary conduct alone does not moot a case, a case may nonetheless become moot where "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (internal citations and quotations omitted).

It is undisputed that the only parking barrier identified in Acevedo's expert's report is that the parking signage at the property had been vandalized. See Statement of Uncontroverted Facts ("SUF"), Dkt. No. 33, Ex. 1, ¶ 2; Decl. Bishop, Dkt. No. 33, Ex. 6 ¶¶ 10–11. Moreover, both parties agree that the signage is now compliant with ADA guidelines. SUF ¶ 3.

Acevedo responds that J & J has not met the burden of establishing mootness because this type of violation ("failure to provide and maintain accessible parking") is "of the type theat constantly recurs." Opp'n., Dkt. No. 33, at 6. Acevedo points out that the ramp that she initially identified as a barrier in her complaint was rectified, but that her investigator found that the signage was vandalized even after the ramp was removed. Id. This, she argues, is evidence that J & J "has a history of failing to take proactive steps to maintain the usability of their accessible parking space." Id. at 7.

The Court finds Acevedo's argument unconvincing. Both the violation in her complaint– the non-compliant ramp– and the violation found by her expert– the vandalized signage– have been remedied. The Court declines to find that these two alleged violations are indicative of a pattern of J & J's failure to maintain the parking lot according to ADA accessibility standards. At present, both parties seem to agree that there is no ADA violation that the Court can order J & J to remedy. The Court will not, as Acevedo requests, issue a generic order to J & J "to maintain the parking lot in compliance with the ADA accessibility standards." Id. To do so would risk running afoul of Article III of the Constitution, which requires that the Court only rule on live cases or controversies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2510 JVS (JDEx) | Date | November 24, 2020 |
| Title | Belen Acevedo v. J & J Food Store Inc.,et. al. | | |

Accordingly, the Court **GRANTS** the summary judgment motion on the ground of mootness.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** J&J motion for summary judgment. The Court finds that oral argument will not be helpful in this matter. Fed. R. Civ. P. 78; L-R 7–15. Accordingly, the Court **VACATES** the hearing set for December 7, 2020.

The Court also notes that Acevedo has filed her own motion for summary judgment on this matter. See Mot., Dkt. No. 37. Given that the Court is granting J & J's motion for summary judgment, the Court **DENIES** Avecedo's motion on the ground that it is moot. The Court similarly finds that oral argument will not be helpful in that matter, so the Court **VACATES** the hearing set for December 21, 2020.

**IT IS SO ORDERED.**